### ANSBACHER et al. v. PFEIFFER.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

FRAUD—DAMAGES.

 Plaintiffs having paid defendant money to release them from their contract to employ him for the balance of the year 1886, brought suit to recover the amount, on the ground that the payment was induced by the false statement of defendant to the effect that a partnership into which he was about to enter would commence January 1, 1887, when in reality the partnership was to commence October 1, 1886. *Held*, that the action was not maintainable, no damage having followed the alleged deception.

Appeal from circuit court, New York county.

Action by Adolph Ansbacher and another against Isaac Pfeiffer. Plaintiffs appeal from a judgment rendered against them upon a dismissal of their complaint.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Samson Lachman,* for appellants. *B. F. Einstein,* for respondent.

BARRETT, J. This action was brought without a due appreciation of what, in a legal sense, is meant by "fraud." The plaintiffs paid the defendant, who was in their employ as a traveling salesman, $600 to release them from their contract with him. They now seek to recover back this sum, upon the novel ground that they would never have offered him the money but for a false statement which he made regarding a partnership which he had formed with one Lavanburg. The plaintiffs thought that this partnership would militate against the defendant's usefulness to them, and they desired to sever the connection at once. This was in August, 1886, but under the contract the employment ran until the end of the year. The partnership was to commence on the 1st of October, 1886, and prior to that time—indeed, as far back as June —the defendant and Lavanburg were engaged in making preparation for the commencement of the business. The false statement complained of by the plaintiffs was that the partnership would not commence until the 1st of January, 1887. They declare that if they had known the truth, and had not been deceived by this statement, they would not only have refrained from the offer of $600, but would have discharged the defendant summarily; in other words, they would have treated the defendant's agreement to go into business with Lavanburg on the 1st of October, coupled with the preparations which were being made, as a breach of his agreement with them, and would have severed all further relations with him. Whether they would have done this or not, we cannot know. Whether, if they had done so, they would have been

sustained by the law, is open to question. They would have had no right in August to discharge the defendant merely because he had contracted for a partnership to commence at a future date. They would at least have had to wait until the 1st of October, and their right to discharge him at that date would have depended upon what then occurred with regard to the partnership. Certainly the preliminary acts of preparation were not of themselves sufficient to justify a discharge. At all events, it is not so entirely clear, either upon the facts or the law, that if the plaintiffs had known the exact truth with regard to the partnership, they would have had a legal right to discharge the defendant. The claim, therefore, that the defendant's falsehood cheated the plaintiffs out of that right is baseless and far-fetched. So, also, is the further claim that the defendant by his false statement cheated the plaintiffs out of the $600. His statement had no relation to this payment. It was made solely in connection with his expressed determination to continue his services and to complete his contract. That was what he insisted upon. He never asked the defendant for a penny. They, on the contrary, asked him to accept the money, and to release them from the contract, which he did. Actionable fraud is a deception practiced in order to induce another to part with property, or to surrender some legal right, and which accomplishes the end designed. Cooley, Torts, (1st Ed.) 474. The false statements must be material, must be connected with the particular transaction complained of, must be made to influence the opposite party's conduct, and must be relied upon by such party. And, further, damage must be shown, and such damage must follow proximately the deception. The plaintiff's case comes within none of these rules. The false statement was not material to the transaction sought to be avoided, nor was it connected therewith. If the defendant had claimed $600 as his prospective loss, and had induced the plaintiffs to pay that sum by misrepresenting his sales, or by any other assertion as to a material and existing fact bearing upon the question of his earnings, the false statement would have been material, and would have been connected with the transaction complained of. But a false statement as to a fact which had no direct relation to the compromise, and which was but one of several elements in Mr. Ansbacher's mind when he concluded to make the offer, cannot be said to have been material, or connected with the consummated transaction. It is entirely clear that the false statement was not made to induce Mr. Ansbacher to offer the money. The defendant seems to have had nothing of the kind in his mind, and, as already suggested, his sole purpose was to proceed under his contract, and to complete his term, and *non constat*, if the contract had not been canceled, but he would have done so faithfully, and to the satisfaction of all concerned. So as to the question of reliance.

It is an entire misconception of this doctrine to talk of the plaintiffs relying upon the defendant's statement, when they decided, without solicitation, to make him an independent offer of money to give up his contract. The truth is they wanted to get rid of him because they feared that his partnership interest would conflict with his duty to them. They wanted to have some one on the ground devoted exclusively to their interests. To accomplish this without further friction, and especially without a lawsuit, they were willing to pay what they did pay. Whether the partnership commenced a little sooner or a little later was of small moment. He insisted upon continuing; they insisted upon his leaving. They paid him $600 to yield his position, and they now talk of that sum as the damage proximately following an untruthful statement made by defendant in the course of the dispute. An untruthful statement with regard to what? With regard to an outside matter of business, which might possibly have affected the plaintiffs' interests, respecting which, therefore, they were more or less concerned. That is all that can be said of it, and no damage whatever followed the statement, proximately or otherwise.

But we have considered this question more fully than it deserved. We might have contented ourselves with a bare statement of the plaintiffs' claim. The case is without merit, and the judgment should be affirmed, with costs.

All concur.